

Search for Cases by: [Select Search Method... ▾]

Judicial Links ▾ | eFiling ▾ | Help ▾ | Contact Us | Print          GrantedPublicAccess  Logoff JCDICKINSON

## 15SL-CC03344 - JEFFREY NICHOLLS V CAPITAL MANAGEMENT SERVICES LP (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case** Click here to Respond to Selected Documents Sort Date Entries: ● Descending  ○ Ascending    Display Options: [All Entries ▾]

| | | |
|---|---|---|
| **10/14/2015** | ☐ | **Agent Served** |
| | | Document ID - 15-SMCC-7645; Served To - CAPITAL MANAGEMENT SERVICES, L.P.; Server - ; Served Date - 01-OCT-15; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served |
| | ☐ | **Notice of Service** |
| | | Return of Service on Defendant Capital Management Services, L.P.; Electronic Filing Certificate of Service. |
| | | **Filed By:** RICHARD ANTHONY VOYTAS Jr. |
| | | **On Behalf Of:** JEFFREY NICHOLLS |
| **09/30/2015** | ☐ | **Summons Issued-Circuit** |
| | | Document ID: 15-SMCC-7645, for CAPITAL MANAGEMENT SERVICES, L.P.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| **09/29/2015** | ☐ | **Pet Filed in Circuit Ct** |
| | | Petition. |
| | ☐ | **Filing Info Sheet eFiling** |
| | | **Filed By:** RICHARD ANTHONY VOYTAS Jr. |
| | ☐ | **Motion Special Process Server** |
| | | Plaintiff s Request for Appointment of Process Server. APPROVED SEPTEMBER 30 2015 |
| | | **Filed By:** RICHARD ANTHONY VOYTAS Jr. |
| | | **On Behalf Of:** JEFFREY NICHOLLS |
| | ☐ | **Judge Assigned** |
| | | DIV 4 |

Case.net Version 5.13.7.3                    Return to Top of Page                    Released 09/14/2015

EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>THOMAS J PREBIL | Case Number:  15SL-CC03344 |
|---|---|
| Plaintiff/Petitioner:<br>JEFFREY NICHOLLS | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD ANTHONY VOYTAS Jr.<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO  63108 |
| vs. | |
| Defendant/Respondent:<br>CAPITAL MANAGEMENT SERVICES, L.P. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: CAPITAL MANAGEMENT SERVICES, L.P.
Alias:
CSC-LAWYERS INCORPORATING SERVICE
COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

**COURT SEAL OF**



**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>30-SEP-2015</u>
Date

_____ /Clerk

Further Information:
TLC

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____ | _____
Date | Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether or not you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.    The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

## IN THE CIRCUIT COURT OF
## ST. LOUIS COUNTY
## STATE OF MISSOURI

**JEFFERY NICHOLLS,**                     )
                                          )
     Plaintiff,                         )
                                          )
v.                                        )    Case No.
                                          )
**CAPITAL MANAGEMENT SERVICES, L.P.,**    )    Division
                                          )
Serve at:                                 )    **JURY TRIAL DEMANDED**
CSC – Lawyers Incorporating Service Company )
221 Bolivar Street                        )
Jefferson City, MO 63105                  )
                                          )
     Defendant.                         )

## PETITION FOR DAMAGES

     COMES NOW, Plaintiff, Jeffery Nicholls ("Plaintiff"), and for his Petition for Damages states as follows:

### INTRODUCTION

     1.    This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

     2.    Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

     3.    This Court has jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C § 1692k(d).

     4.    Venue is proper in St. Louis County, Missouri under Mo. Rev. Stat. § 508.010.2(4) because Defendant is a nonresident of the State of Missouri.

## **PARTIES**

5.     Plaintiff is a natural person currently residing in the State of Missouri.  Plaintiff is a "consumer" within the meaning of the FDCPA.

6.     The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.  To the best of Plaintiff's knowledge, the alleged debt arises from a Discover Bank credit card that he used for personal and nonbusiness purchases.

7.     Defendant Capital Management Services, L.P. ("CMS") is a foreign professional partnership with its principal business office in Buffalo, New York.

8.     The principal business purpose of CMS is the collection of debts in Missouri and nationwide, and CMS regularly attempts to collect debts alleged to be due another.

9.     CMS is engaged in the collection of debts from consumers using the mail and telephone.  CMS is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## **FACTS**

10.     CMS's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

11.     CMS's relevant collection activity consisted of three collection letters it sent Plaintiff from June 2015 to August 2015.

12.     On June 18, 2015, CMS sent Plaintiff, in care of his attorney, an initial collection letter wherein CMS demanded payment of $1,379.43 for an alleged debt originating with Discover Bank.

13.     CMS's June 18th letter stated that CMS was assessing and attempting to collect interest on the debt as of the date of the letter.

2

14.     Less than a month later, CMS sent Plaintiff another collection letter dated July 17, 2015 wherein it stated that Plaintiff now owed $1,430.73.

15.     Within its July 17th letter, CMS had affirmatively removed the disclosure that interest was accruing on the account.

16.     On July 23, 2015, Plaintiff called CMS as instructed within its collection letter to determine the amount that he owed on the account.

17.     During the call, CMS confirmed that Plaintiff only owed $1,430.73 on the debt.

18.     Even though a week had passed from the date of the letter, the amount remained unchanged from CMS's July 17th letter.

19.     Given that CMS had removed its disclosure that interest was accruing on the account and the fact that the amount did not change in the week following its July 17th letter, Plaintiff understood that CMS was no longer assessing and attempting to collect interest on the debt.

20.     In reality, CMS was still assessing and attempting to collect interest on the debt.

21.     This unknown fact was discovered when Plaintiff received a third collection letter from CMS a few weeks later, dated August 7, 2015.

22.     Therein, the amount CMS was demanding had increased to $1,493.93.

23.     Even though CMS had removed its interest-disclosure from the July 17th letter, CMS's August 7th letter revealed that CMS was still assessing and attempting to collect interest on the debt beyond what was factored into the apparent static amount due that CMS listed on its July 17th collection letter.

24.     CMS's August 7th letter likewise failed to disclose to Plaintiff that CMS was assessing and attempting to collect interest on the account.

3

25. Within its July 17th and August 7th letters, CMS did not provide Plaintiff any indication that the amount Plaintiff purportedly owed, and for which CMS was demanding payment, would change for any reason.

26. Accordingly, the amounts indicated on CMS's July 17th and August 7th collection letters were not false or misleading simply because CMS failed to disclose that interest had gone into the already calculated amount on the letters.

27. Rather, since the amount CMS was attempting to collect changed on a daily basis, Plaintiff did not know the correct balance he needed to send CMS in order to pay off his account in full.

28. CMS's July 17th and August 7th collection letters thus misrepresented the amount and character of the debt it was attempting to collect from Plaintiff.

29. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and CMS.

30. CMS's deceptive conduct caused Plaintiff to suffer actual damages in the form of stress and anxiety.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

32. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 USC 1692 et. seq., including, but not limited to, the following:

a. Failing to state the accurate amount of Plaintiff's alleged debt, 15 U.S.C. § 1692g(a)(1);

b. Falsely representing the amount and character of Plaintiff's alleged debt, 15 U.S.C. § 1692e(2)(A);

4

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff for:

A.    Judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages;

C.    Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.    For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

RICHARD A. VOYTAS, JR. #52046
ALEXANDER J. CORNWELL, #64793
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1068
rickvoytas@gmail.com

5